This suit arose out of an intersectional collision between a car driven by plaintiff and a car driven by defendant in the City of Opelousas in the afternoon of January 31, 1943. Plaintiff was driving south in his car on Court Street and the defendant was driving east in his daughter's car on Jefferson Street. Court Street is a right of way street and there is a stop sign on Jefferson Street before entering Court Street.
Plaintiff sued the defendant for the sum of $400 damage to his car and for the loss of its use, and the defendant reconvened and claimed damages against the plaintiff for $250 on account of shock to him caused by the collision. The trial judge rendered a judgment in favor of plaintiff for $360 and rejected the reconventional demand. The defendant has appealed.
As is usual in such cases, both parties claim that the accident was caused solely by the negligence of the other in driving too fast, in failing to keep a proper lookout, and in failing to keep his car under proper control and in failing to observe the right of way of the other, the plaintiff claiming the right of way because he was on a right of way street, and the defendant claiming the right of way because he had pre-empted the intersection. The plaintiff also charges that defendant violated a state law and a city ordinance in that he was physically unable to drive an automobile.
The defendant Daigle was approaching a right of way street, and he admits that he saw the other car coming south on Court Street at what he estimated a distance of 200 feet. He did not come to a complete stop but slowed down to a speed of about five miles per hour, and thinking that he had time to make it across the intersection, he put on the gas and speeded up, but the other car struck the left side of his car after he had gotten into the intersection. The two cars by their combined momentum were propelled in a diagonal or circular direction across the street and came to rest in the southeast corner of the intersection.
Daigle was negligent in entering the intersection in the path of the oncoming car on a right of way street when, as he admits, he could see the approaching car in ample time to judge its distance and estimate its speed. The fact that he put on the gas and speeded up indicates that he realized he was taking some chance in attempting to beat the other car across the intersection. While the failure to properly estimate the distance and speed of an approaching car at an intersection does not in itself constitute negligence, yet when a motorist approaches a right of way street where he is required to come to a virtual stop before entering it and where he has ample opportunity to see and judge the approaching car, he must exercise reasonable care in ascertaining the distance and speed of the approaching car before he is justified in entering the intersection. The presumption which he may indulge that the other car is proceeding at a lawful speed *Page 738 
does not relieve him of the responsibility of using reasonable care in judging its distance and speed.
As was said in the case of Johnson et ux. v. Fabacher et al., La.App. 175 So. 129, where two motorists approach an intersection, regardless of which one has the technical right of way, each must observe the actions of the other, the width of the street, the speed of the other vehicle and its distance, so as to determine with reasonable certainty whether or not the intersection may be crossed in safety, and where one driver dashes out in front of the oncoming car of the other into the intersection, the fact that he enters the intersection first does not entitle him to special consideration.
The defendant suffers from a physical disability known as torticollis, or a stiffness and rigidity in the left side of his neck and head, which renders him unable to turn his head from one side to the other without turning his body. He states that while driving a car he holds his left hand against the side of his face to keep his head from turning to the left. It is reasonable to assume that because of this position in which plaintiff was holding his left hand and head he could not well see and determine the distance the other car was from him nor judge its speed as he approached the intersection. He says that he was 10 or 12 feet from the intersection when he slowed down to about five miles per hour and saw the other car coming. With this opportunity to see and judge the distance and speed of the approaching car, the exercise of ordinary prudence and care would have been sufficient to warn him of trying to beat the other car across the intersection.
Learned counsel for the defendant attempts to compare the actions of defendant Daigle in this case with the conduct of Aucoin in the recent case of Gardiner v. Travelers Indemnity Company, 11 So.2d 61, where we held that Aucoin was not guilty of negligence where he came to a virtual stop before entering a right of way street and where his car was struck on its side by another car approaching on the right of way street. The situation of defendant in this case was not similar to that of Aucoin in the cited case for several reasons. In the first place, Aucoin could not see but a short distance down the right of way street on account of thick shubbery on the corner, and he could not and did not see the other car coming until after he had entered the intersection and was proceeding across; and in the second plea, Aucoin had gotten more than half way across the intersection when his car was struck on its side by the other car coming at a rapid speed, while in the present case Daigle had not crossed the west traffic lane of Court Street when his car was struck by the other car on its side. Furthermore, the accident in the present case occurred on a fair day when Daigle had a much better opportunity to see and judge the approaching car than did Aucoin who was driving at night.
Plaintiff was also negligent in driving at an excessive speed as he approached the intersection and in failing to keep a proper lookout. He admits that he did not see the Daigle car until it was about to come into the intersection, or within five or ten feet of the intersection. The nature of the corner as shown by the photographs and other evidence in the record is such that a motorist approaching Jefferson Street from the north on Court Street could see a car on Jefferson several feet from the intersection. Plaintiff's car began to skid some 20 feet from the intersection, indicating that he was going at a fast rate of speed. If the rear wheels of his car began to skid 20 feet from the intersection, the front of his car must have been almost to the intersection when he began to apply his brakes. The other car at that time must have been proceeding across the intersection, and it is difficult to understand why plaintiff did not see the other car coming into the intersection before he made any effort to slow down or stop his car. He was relying too much on his right of way, and was not keeping a proper lookout and did not have his car under proper control.
After a careful consideration of the facts in the case, we have reached the conclusion that the accident was caused by the joint and combined negligence of both parties.
For the reasons assigned, it is ordered that the judgment in favor of plaintiff and against the defendant be and the same is hereby avoided and reversed, and plaintiff's suit is hereby dismissed; that insofar as the judgment dismissed the reconventional demand of the defendant, it is hereby affirmed. It is further ordered that the plaintiff pay all cost of the suit. *Page 739