This is a suit for damages alleged to have been sustained by the plaintiff, Polie Landry, as a result of a motor vehicle accident with the defendant, J. Howell Johnson, which occurred at Sulphur, Louisiana about 11:45 A.M. on April 17, 1946. Judgment was rendered by the District Court in favor of the defendant, J. Howell Johnson, and against the plaintiff, Polie Landry, rejecting plaintiff's demands at his costs.
[1] Defendant filed an exception of no right or cause of action and also an exception of vagueness. Although the minutes of the Court of October 11, 1946, state that all exceptions will be submitted on briefs, the record fails to contain any ruling on the exception of no cause of action, however, on November 23, 1946, plaintiff in compliance with the ruling of the Court dated November 14, 1946, filed an amended petition. The exception of no cause or right of action is not urged by counsel for defendant in his brief filed in this Court, therefore the exception was evidently abandoned.
The learned Judge of the District Court in his written reasons for judgment found the following facts:
"The accident occurred about 11:45 A.M. on said date at the intersection of Irwin and Logan Streets in the Town of Sulphur, Plaintiff at that time was driving his own 1938 Model Dodge Sedan in a northerly direction along Irwin Street. His father-in-law, Jim Jones, was a passenger in the car with him. After entering the intersection of Irwin and Logan Streets, Landry testified that for the first time he observed a truck approaching from the east in such manner that a collision appeared imminent. He turned to his left in an effort to avoid a collision, but the left front portion of the truck struck the right front door of plaintiff's car, causing damages to the car which plaintiff now seeks to recover.
"The truck involved in the accident was a 1942 Model Dodge truck owned by defendant, J. Howell Johnson, and at the time of the accident was being driven by Algic J. Johnson, an employee of said defendant. The truck was being driven in a westerly direction along Logan Street, and it had entered the intersection of that street with Irwin Street when the driver testified that for the first time he saw plaintiff's car in such a position that it was impossible for him to avoid a collision. He applied his brakes and swerved to the right in an unsuccessful effort to avoid striking the car.
"The intersection at which this accident occurred was gravelled. The weather was clear and visibility was good. There was nothing which might have obstructed the vision of the driver of either vehicle as he approached that intersection, and there appears to be no good reason why each driver before he actually entered the intersection *Page 759 
should not have seen the other approaching vehicle at least one hundred feet before it reached the intersection if he had maintained a proper look-out for traffic.
"There was a considerable amount of conflicting testimony at the trial, but after considering and analyzing all of the evidence this Court finds that plaintiff was driving his car at a speed of approximately twenty miles per hour at the time he entered the intersection of these two streets; that he did not bring his vehicle to a stop before entering such intersection; and that he could have seen the truck approaching on Logan Street if he had maintained a proper look-out. The Court also finds that the driver of defendant's truck approached Irwin Street at a speed of about twenty miles per hour, but reduced it to approximately sixteen miles per hour upon entering the intersection where the collision occurred; that he could have seen plaintiff's car approaching if he had maintained a proper look-out for traffic; that Defendant's truck weighed 1800 or 1900 pounds more than plaintiff's car; and that the truck was being driven along the center of Logan Street at the time it entered the intersection. The Court further finds that both vehicles entered the intersection at approximately the same time and that the collision occurred at about the center of such intersection."
We believe that the facts as found by the District Court are correct and that his conclusions that both vehicles entered the intersection at approximately the same time and that the collision occurred at about the center of such intersection is fully borne out by the testimony.
The case of Dow v. Brown et al., 193 So. 239, decided by the Court of Appeal of Louisiana, Second Circuit, in a case practically on all fours with the facts in this case, states on page 241:
"We think, in fact are convinced, that this accident occurred because each party assumed he could cross the intersection safely; that is, each took the chance open to him to cross over. This is not an uncommon gamble by motorists. But defendant had the right of way and held it throughout, unless forfeited by him for reasons fixed by law.
"Rule 11(a) Sec. 3 of Act No. 286 of 1938, known as the 'Highway Regulatory Law', provides: 'When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling in an unlawful, improper, reckless or dangerous rate of speed or manner shall forfeit any right of way which he might otherwise have hereunder.'
"All persons are presumed to know the law. Plaintiff must be held to have known that west bound traffic on Kings Highway at the intersection, has a superior right primarily to enter it, over north bound traffic on the Mansfield road. This being true, it was his duty to have either stopped at the intersection or to have brought his car under such definite control as to be able to stop it instantly if conditions were such as to require that action. He did not have the right to heedlessly approach the intersection at a rate of speed so great as to prevent him from stopping before entering it, if such became necessary because of nearby traffic on the right-of-way street. It was negligence on the plaintiff's part to do that which he admits he did.
"We thoroughly considered this identical question in Carkuff v. Geophysical Service, 179 So. 490, 491, and held: 'A bus driver who knew that he was on an inferior road approaching an intersection with a superior road had a legal duty to stop, look, and listen before crossing.'
"The same principle is discussed in Meredith v. Arkansas Louisiana Gas Co., 185 So. 498, 503, recently decided by this court, wherein we said: '* * * As we have shown, it is the statutory duty of a driver of a motor vehicle when approaching a road intersection to look out for and give way to vehicles simultaneously approaching on his right. No such duty is imposed upon a driver as to vehicles approaching on his left. The driver of such a vehicle, if he is traveling within the speed limit and on the right-hand side of the highway, may proceed on his course without being guilty of a charge of negligence. This was the situation here. The appellant and the respondents were simultaneously approaching the road intersection. The appellant was on *Page 760 
the right of the respondents; he was traveling on the right-hand side of the way, and was traveling within the statutory speed limit. He had the right to presume that the respondents would give heed to the statutory rules of the road, and not drive their car across the road immediately on his front.' "
It is not borne out by the testimony that the defendant was driving at an "unlawful, improper, reckless and dangerous rate of speed" as he entered the intersection. It is, then, our conclusion that plaintiff's own negligence contributed to the accident.
We are convinced, however, that the defendant was also negligent in that he did not keep a proper look-out and in failing to bring his truck to a stop.
The judgment appealed from will therefore be affirmed at plaintiff's costs.