This suit arises out of a collision between a 1942 Dodge Coupe automobile belonging to and driven by Maurice Primeaux and a Chevrolet half-ton pick-up truck driven by Mrs. Nedies Gaspard, nee Lena 26, 1946, at about 4:30 P.M., in the town of Schexnaider, which collision occurred July 26, 1946, at about 4:30 P.M., in the town of Wilson Street (or Avenue) and 6th Street. It is shown that Wilson Street (or Avenue) runs north and south, and according to the ordinance of the town of Kaplan, was a right-of-way street, and 6th Street runs east and west.
The petition alleges that the Chevrolet pick-up truck driven by Mrs. Lena Schexnaider Gaspard and owned by Theodore Schexnaider, her father, ran into the 1942 Dodge Coupe owned and driven by Maurice Primeaux at the intersection, due entirely to the negligence of the driver, particularly in that she was driving at an excessive rate of speed in violation of the law of Kaplan, in excess of 20 miles per hour, and that she was not keeping a proper lookout, and, in that, according to information and belief, the Chevrolet pick-up truck had brakes that were in a condition of disrepair. Plaintiff Primeaux and his insurer sues Mrs. Gaspard and her father and husband, in solido, for the sum of $523.00, the sum of $473.00 being on behalf of the insurer as subrogee, and the sum of $50.00 being on behalf of Maurice Primeaux, under the terms of the policy of insurance, being a policy commonly referred to as a $50.00 deductible.
After trial of the case, the trial judge came to the conclusion that Maurice Primeaux ran into the right front end of the Chevrolet pick-up truck belonging to Theodore Schexnaider and being driven by his daughter, and that the said collision was therefore occasioned by the contributory negligence of Maurice Primeaux, barring the recovery of himself and the insurer, and he therefore dismissed the suit of plaintiffs at their costs. Plaintiffs have appealed.
It is shown by the evidence that the collision involved in this suit occurred at approximately the middle intersection of Wilson Avenue and 6th Street in the Town of Kaplan. The plaintiff Maurice Primeaux was driving in a northerly direction on Wilson Street (or avenue) which according to the certified copy of the Ordinance *Page 523 
introduced in evidence, was a right-of-way street. Mrs. Nedies Gaspard was driving the truck belonging to her father, Theodore Schexnaider, in an easterly direction on 6th Street. Both streets were approximately 50 feet in width, and were graveled streets. While Wilson Street (or Avenue) under the specific statute of the Town of Kaplan was designated as a right-of-way street, the evidence is to the effect that there were no signs indicating the right-of-way situation at the time of the accident. Nevertheless, both parties to the accident were long-time residents of Kaplan and had constructive knowledge of the existence of the statute making all avenues (except the State Highway) running north and south rights-of-way streets.
The main issue in the case is one of fact. Primeaux and guests in his car testify that the Schexnaider truck ran into the left front of the Primeaux car. On the other hand, Mrs. Nedies Gaspard and the guest in her car testified that the Primeaux car ran into the right front of the Chevrolet pick-up truck. The evidence is clearly contradictory. The trial judge accepted the testimony of Mrs. Gaspard and her guest because he felt that the physical facts supported their testimony. It is shown by the physical facts that both the truck and the Primeaux automobile came to rest at the northeast corner of the intersection and that the truck was damaged on the right front fender and running board towards the rear thereof, whereas the Primeaux automobile was damaged mainly on the front end thereof, including both headlights.
The negligence of Mrs. Gaspard is conceded. The most contested question presented is the contributory negligence of Maurice Primeaux, the owner and driver of plaintiffs' car.
The evidence shows that both vehicles were travelling at about the same rate of speed, that is about fifteen to twenty miles an hour in approaching the intersection. There was nothing to prevent the driver of each vehicle from seeing each other in their approach of the intersection. They arrived at practically the same time. According to Primeaux, his car and the truck were almost in the center of the intersection when he first saw the truck and were about to collide. He then applied his brakes.
It is evident that Primeaux was not keeping a proper lookout. Regardless of the fact that he had the right of way in approaching the intersection from the right of Mrs. Gaspard and by ordinance of the Town of Kaplan, yet it was his duty to maintain a proper lookout and to observe approaching traffic on the subordinate street. See Genovese v. Daigle, La. App.,17 So.2d 736; Landry v. Johnson, La. App., 33 So.2d 758.
Furthermore, this case presents solely a question of fact. In view of the evidence, we cannot find that the trial court committed any manifest error in coming to the conclusion that plaintiff Primeaux was guilty of negligence which was a proximate cause of the accident. It seems apparent that Primeaux was not keeping a proper lookout and that he was taking it for granted that he had the right-of-way and could go on his way without regard for traffic on Sixth Street. Not finding any manifest error in the finding of fact by the trial judge, we must affirm the judgment below, which is accordingly ordered.