On August 3, 1944, at the intersection of the Covington-Hammond Highway and the Pleasant Ridge Road some two miles east of Hammond, in the Parish of Tangipahoa, a collision occurred between an automobile owned by the community existing between John Perkins and his wife, Mrs. Maggie Sue Perkins, being operated by her, and a truck owned and operated by the defendant, Joseph Rusciana. The accident occurred approximately at 7:00 A.M. As a result of the accident the Perkins' automobile was damaged to the alleged extent of $100, and Mrs. Perkins suffered injuries for which medical bills were incurred to the alleged amount of $50, and Mrs. Perkins suffered damage as a result of shock and mental pain, and injuries to the alleged amount of $1,000. Mr. And Mrs. Perkins are the plaintiffs, and alleged that the accident was caused solely by the negligence of the defendant Rusciana, and claim $200 on behalf of Mr. Perkins for the damage to the car, medical expenses, and the loss of salary in his capacity as head of the community, and $1,000 for Mrs. Perkins and for her personal injuries.
The defendant, in his answer, denies the material allegations of plaintiffs' petition and alleges that the accident was caused by the negligence of Mrs. Perkins and that it resulted in damage to defendant's truck in the amount of $179.71, for which reconventional demand is made. In the alternative defendant pleads that if he was guilty of any negligence which caused the accident, which he denies, then and in that event Mrs. Perkins was guilty of contributory negligence barring recovery by plaintiffs.
After trial of the case the District Court rendered judgment rejecting both the demand of plaintiffs and the demand of defendant, all at plaintiffs' costs. The plaintiffs have appealed praying for reversal of the judgment and for damages as originally demanded. The defendant has answered the appeal asking that the judgment be affirmed in so far as the dismissal of plaintiffs' demand is concerned, but that it be reversed in so far as defendant's reconventional demand, and that defendant be awarded the amount of his damages, to-wit, the amount of $179.71.
A review of the evidence shows that at the time of the accident the plaintiff was driving north on the Pleasant Hill highway on her way to Hammond where she had an executive position in a hotel, and that the defendant was driving east on the intersecting Covington-Hammond highway. Plaintiff testifies that she was driving at a reasonable rate of speed and that as she arrived at the intersection she slowed down and seeing the defendant Rusciana on her left, she concluded that she had plenty of time to cross the intersection and therefore proceeded to do so; that after she had crossed the center line of the Covington-Hammond highway, Rusciana, driving on the north side, that is, his *Page 534 
left of said highway, kept going and struck her on the left rear door of her 4-door sedan, pushing her on a telephone pole situated on the northeast corner of the intersection, her car coming to rest facing northwest, and being crushed on the fight rear by the impact on the telephone post.
She states further that after the impact Rusciana's truck was almost against her car. Her testimony to the effect that Rusciana was driving on his left hand side of the Covington-Hammond highway is corroborated by Mr. Perkins, her husband, who arrived at the scene of the accident immediately thereafter and who states he observed the tracks made by the Rusciana truck, which tracks, for a distance of 40 feet prior to the intersection, were on the north side of the Hammond-Covington gravelled road, which Hammond-Covington road had a ridge in the center, because the road had just been graded. Mr. Perkins states that he observed these car tracks from the rear of the truck to that point. It may be observed at this point that the testimony of Mr. and Mrs. Perkins as to the point of impact is corroborated by the physical facts, to-wit, that the Perkins car was pushed to the northeast intersection and that the truck struck the Perkins car on the left rear side and came to rest at a point almost against the Perkins car.
Rusciana testified that he was driving almost entirely on his right side and that in effect Mrs. Perkins entered the intersection at a rapid rate of speed and that he attempted to miss her by turning to his right, and in fact denies that he was driving on his left hand side as alleged and testified to by plaintiff. On cross-examination he testifies as follows:
"Q. Can you explain how, when she was going north and you were going east, she could have struck your car when the front end of her car had already passed before her car struck yours? A. We both got there at the same time. I turned to the right — going north, and she come right against me. She swung against me — didn't try to stop. If she had turned to the right and would have avoided an accident. She swung all the way around. Just caught the wheel and turned all the way around.
"Q. When she swung around which way was her car facing? A. Facing west when she stopped. Facing that way — west.
"Q. What part of her did the front end of your car strike? A. On the right.
"Q. Your car struck the right of her? A. My truck was hit on the right."
Defendant introduced the testimony of Farley Bennett, who lives some 200 yards away from the accident on the Pleasant Ridge Highway, who stated that he saw Mrs. Perkins drive by, apparently in a hurry, and who bears out defendant's contention that he was driving his truck at the time of the collision near the south side of the Hammond-Covington highway. He states defendant was driving "mighty" near the south side of the road. Defendant's truck was near the center of the road when the wreck hit. This witness, however, admits that the Perkins car entered the intersection before the Rusciana car, and also corroborates the testimony of plaintiffs that the Perkins' car came to rest on the telephone pole at the northeast corner of the intersection, and that the Rusciana truck was very close to the Perkins car after the collision. In spite of this, this witness, who states that he was a former chief of police in Hammond, upon being asked the improper question by the Court: "Q. From what you say, what is your opinion about it — who was in the wrong?" answered as follows: "* * * I ain't to judge, but from what I seen, Mrs. Perkins was in the wrong. That is my honest opinion."
[1] At this point counsel for plaintiffs remarked that this opinion was not admissible as evidence, with which we agree.
Defendant also called as a witness, Mr. Sadie DePaula, who testified that he visited the scene of the accident at about 8 o'clock that morning, and that at that time the Perkins' car was on the north side of the road, and Rusciana's car was on the south side; also that on another occasion he stepped off the Covington-Hammond highway and the Pleasant Ridge road, and that he found that the Covington-Hammond highway was 30 feet or better and *Page 535 
the Pleasant Ridge road was 20 feet or better. This witness does not add much to the evidence for the reason that he appeared at the scene about an hour after the accident. He claimed, however, that the cars had to be in their identical position for the reason that the Rusciana car had a fender dragging on the tire and could not have been moved. He also states that Mr. and Mrs. Perkins were present when he arrived at the scene and on rebuttal Mr. Perkins flatly denies that the cars were in the positions testified to by DePaula, and states that they were still in the positions found by him, his wife and the defendant's witness, Farley Bennett.
The only other witness on the question of liability is a colored man named Gorman, who was called by plaintiffs and who stated that he was about half a block from the scene of the collision traveling westward on the Hammond-Covington highway. This witness is of no help in this case, because he either did not notice anything material or refused to admit he did, save and except that in the beginning of his testimony he states that Mrs. Perkins was hit by defendant, but the defendant apparently relies on his testimony, as follows:
"Q. When you went by was there room in the intersection to get by? A. I crossed kind of middle of it. (Intersection).
"Q. You say they were stopped? Which side of the car did you go on? A. I went between them.
"Q. Between them? A. Wasn't no car right in the highway.They was on the side." (Italics ours.)
Continuing further, however, we quote:
"Q. Which side? A. I don't remember.
"Q. You don't remember whether north or south? A. I didn't pay any attention.
"Q. You know whether they were on the ground or not? A. They was on the ground."
On this testimony it is apparently contended that DePaula was correct in saying that the cars were on opposite sides of the highway, but it appears to us that the testimony is to the effect that the highway was not blocked and that he travelled between the two cars and the south side of the highway.
From our interpretation of the evidence we are of the opinion that the version of the accident is as related by Mrs. Perkins and as corroborated by her husband's observation of the tire tracks of the truck and by the actual physical facts. The trial judge has not submitted any written reasons for his opinion, and we can find no reason why he in effect rejected the testimony of the Perkins and threw aside the actual physical facts, and apparently came to the conclusion that Mrs. Perkins was guilty of negligence, unless it be the opinion expressed by the witness Farley Bennett, former Chief of Police of Hammond, of which opinion is not evidence. From the evidence we are convinced that the accident was caused by the sole negligence of Rusciana.
[2] Mrs. Perkins had the right of way since Rusciana was approaching the highway from her left hand side, and moreover she had practically crossed the intersection when she was struck in the rear left side of her by the Rusciana truck, which truck was travelling at least partly on his left side of the highway.
Besides having had the right of way from the fact that defendant was approaching her from her left hand side, she had the right of way in having preempted the intersection first. She had travelled and cleared more than fifteen feet within the intersection when the defendant had only travelled ten feet. We do not find her speed to have been any greater than defendant's; if anything, she was travelling at a lesser speed.
[3] As to the quantum of damages, as to Mr. Perkins' claim of $100, it is well proved, as well as the amount of $50 for medical expenses. The item of $50 for alleged loss of salary of his wife is abandoned by him. As to Mrs. Perkins' personal injuries, we believe that an award of $500 would be fair. She testified that she suffered considerable shock at the time of the collision and thereafter suffered considerable pain and discomfort for some two months, and that at the time of the *Page 536 
trial was still suffering slight pain and also that her nervous system was affected, but there does not appear to be any serious permanent injury.
For these reasons assigned, it is decreed that the judgment of the lower court be avoided, annulled and reversed, and that there now be judgment in favor of John Perkins and against the defendant, Joseph Rusciana, in the full sum of One Hundred Fifty ($150) Dollars, with legal interest thereon from judicial demand, until paid, and in favor of Mrs. Maggie Sue Perkins and against the defendant, Joseph Rusciana, in the full sum of Five Hundred ($500) Dollars, with legal interest thereon from judicial demand until paid, all at the costs of defendant herein.