The plaintiff, Lester N. Stewart, has filed this suit to recover from the defendant, John J. Keller, individually, and Keller Oil Distributors, and Hardware Indcmnity Insurance Company of Minnesota, the public liability and property damages insurer of John J. Keller and Keller Oil Distributors, all insolido, the sum of $1,176.25 for damages to plaintiff's automobile and for doctors bill, X-ray charges and expenses paid by the plaintiff as a result of injuries sustained by plaintiff's minor son, Lloyd Stewart, and for physical pain and suffering sustained by said minor, all of said injuries and damages being sustained as a result of an automobile collision between plaintiff's Dodge Sedan automobile which, at the time, was being driven by plaintiff's minor son, Lloyd Stewart, and a 1940 model four and one-half ton Chevrolet tank truck owned by the defendants, John J. Keller and Keller Oil Distributors, and being driven and operated by their employee, Earl Wilson, who was also a minor.
Plaintiff alleges that on the date of the accident his said son, Lloyd Stewart, approached the intersection of Linwood and Seneca Streets, traveling at about 15 miles per hour, and that he looked to the right and left along Seneca Street; that there was no automobile or other traffic approaching from his left but that there was was on his right or west side of Linwood Street, the truck of the defendants traveling East, which truck was more than one-half a block away; that at the time he observed the truck of the defendants, Lloyd Stewart was only about twenty feet from the intersection, and that believing and having reasonable grounds to believe that he could cross the intersection in advance of the truck, entered and preempted the intersection; that he was just about to clear the intersection when his automobile was run into by the Chevrolet truck owned by the defendants; that the truck of the, defendants struck plaintiff's automobile broad-side near the middle. Plaintiff further alleges that the automobile was damaged to the extent of $51.25 and that plaintiff's minor son was physically injured and as a result of such injuries petitioner was forced to expend for treatment of his minor son $25; that petitioner's son suffered physical injuries, pain and suffering, which, together with the nervous condition resulting therefrom, was well worth the sum of $2500; however, on the date of the trial, plaintiff reduced this item to $500. Plaintiff specifically alleges and charges that the accident, injuries and damages were caused solely and entirely by the gross and negligent, careless and unlawful acts of Earl Wilson, driver of the defendants' truck in the following respects:
(a) By the said Earl Wilson's operating the said truck at a wanton, excessive, reckless, dangerous and unlawful rate of speed in excess of Forty-five (45) miles per hour, immediately prior to and at the time of the aforesaid collision.
(b) By the said Earl Wilson's failure to have and keep the said truck under control, so as to bring it to a stop before striking the automobile of petitioner, Lester M. Stewart, or by his failure to so drive and operate said truck as to cause it to pass to the rear of and clear the said Dodge automobile being operated by the said Lloyd Stewart, which the said Earl Wilson could have done, and should have done in order to avail himself of the last clear chance to avoid the collision.
(c) By the failure on the part of the said Earl Wilson to keep a proper lookout, and to see and observe and heed the approach of the Dodge automobile being *Page 895 
driven by the said Lloyd Stewart, at said intersection, and to slow down the speed of the said truck, or to bring the said truck to a stop in time to prevent its striking the Dodge automobile being driven and operated by the said Lloyd Stewart.
(d) By the failure on the part of the said Earl Wilson to recognize and yield the right of way to Lloyd Stewart, the said Lloyd Stewart having entered said intersection well in advance of the truck being driven by the said Earl Wilson, and the said Lloyd Stewart having pre-empted the right of way.
Defendants filed an exception of no cause or right of action which was referred to the merits, and thereupon defendants filed their answer which was a general denial of the material allegations of plaintiff's petition and also set up contributory negligence on the part of the driver of the Dodge automobile. Defendant, Keller Oil Distributors, represented by the said John J. Keller, filed a reconventional demand in which they prayed for judgment in reconvention in the sum of $1,354.00 with legal interest thereon until paid, together with the cost of the reconventional demand. The District Court in written reasons held that each driver was equally negligent and that:
"The proximate cause of the collision therefore was in my opinion (1) the failure of the driver of plaintiff's car to slow down the Dodge and stop the same after he, saw the truck approaching so closely from the right, the truck having the right of way; (2) the failure of the truck driver after he saw the Dodge approaching the intersection at a rapid rate of speed to stop or slow down and permit the Dodge to pass."
The Lower Court accordingly denied the main demand of the plaintiff and the reconventional demand of the defendant and the suit was dismissed at plaintiff's cost.
From this judgment of the Lower Court the plaintiff and defendant have appealed.
This collision occurred at the intersection of Linwood Avenue, which runs North and South, and Seneca Street which runs East and West in what is known as Standard Heights, a suburb located just north of the city of Baton Rouge, at about 10:40 A.M. on September 5, 1946. The weather was clear and visibility was good. The intersection of these streets is north of and outside the city limits of the City of Baton Rouge and traffic in that intersection at the time of the collision was governed and controlled by the State Highway Regulatory Act, Act No. 286 of 1938.
Plaintiff's Dodge automobile was being driven by his minor son, Lloyd Stewart, and was traveling south on Linwood Street, and defendants' truck was being driven by Earl Wilson, also a minor, traveling East on Seneca Street at the time of the collision. Defendants' truck was approaching the intersection of Linwood and Seneca Streets from the right of plaintiff's car and, ordinarily, under the State Highway Regulatory Act, would have enjoyed the right of way.
It appears well established from the evidence that the collision took place in approximately the center of the intersection. The only eye witnesses to the accident were the drivers of the two vehicles. Lloyd Stewart, driver of the Dodge automobile, testified that the truck of the defendants struck his automobile on the right hand side and in corroboration of this testimony, plaintiff has offered in evidence several photographs of the automobile which show that all of the damage inflicted thereon was on the right side. Earl Wilson, driver of the defendants' truck, who was approaching from the right, and who, under the Highway Regulatory Act, had the right of way, testified that he entered the intersection first, and that the truck did not hit the right side of the Dodge but that the right wheel of the Dodge hit the left front wheel of the truck, causing the truck to almost turn around, and that while the truck was in this position, the right side of the Dodge came in contact with the truck, causing the damage to the Dodge as shown in the photographs offered in evidence.
Regardless of which motor vehicle struck the other one, we are of the opinion that the case can be decided without delving into the realm of speculation from the physical facts, but rather on the testimony *Page 896 
of the two drivers which clearly sustains the conclusion reached by the District Judge, that both were equally negligent.
Lloyd Stewart, who was driving south on Linwood Street, testified that his automobile was twenty-one feet north of the edge of Seneca Street when he first saw the Chevrolet truck belonging to the defendants, Keller Oil Distributors. The truck, when he first saw it, was approximately thirty paces or ninety feet from the edge. of Linwood Street in a westerly direction on Seneca Street. He further testified that at the time he saw the Keller truck, he was driving between 15 and 20 miles an hour but that he could not estimate the speed of the defendants' truck that was approaching; that he reasonably thought that he had time to clear the intersection however, he finally admitted that he did not know how fast he was traveling but he knew he was not going fifty miles per hour as testified to by Earl Wilson, driver of the truck, but he knows that he slowed down to 15 miles per hour. He did not, however, apply his brakes at any time. He testifies that he could have stopped if he had realized that the truck was coming so fast but that after he observed it was coming fast, he tried to "beat it over." In other words, he positively testified that he did not apply his brakes at all in an effort to avoid the collision but only speeded up his automobile in an effort to beat the truck across the intersection.
Earl Wilson, driver of defendants' truck, testified that he was from twenty to thirty feet west of the edge of Linwood Avenue when he first saw the Stewart Dodge automobile, however, in stepping off the distance on cross examination, it was shown to be 39 feet. Wilson testified by stepping off the distance on direct examination that the Stewart automobile, when he first saw it on Linwood Avenue, was 42 feet from the north edge of Seneca Street. Earl Wilson testified that he could have stopped but that he had the right of way and further testified that: "If he (Lloyd Stewart) had tried to stop and I tried to stop there wouldn't have been any accident."
[1, 2] We agree with the trial Judge's summation of the negligence of each driver as stated in his written opinion which is as follows:
"Each driver, in my opinion, saw the other in time to stop and slow down and avoid the collision. In my opinion one was about as negligent as the other.
"Stewart's negligence consisted of his failure to yield the right of way to the truck which reached the intersection at approximately the same time. If, as he says, he was traveling only fifteen or twenty miles an hour, it seems to me that he should have been able within a distance of 21 feet to stop or at least slow down and permit the truck to proceed across the intersection.
"On the other hand, if his testimony is to be believed, the driver of the truck was also negligent. If as he says, the Dodge was approaching the intersection at a speed of forty miles an hour when the truck was about to enter it, with no apparent effort to stop and when both were about the same distance away, the mere fact that he had the right of way afforded no excuse for going into a known visible and obvious danger. His negligence in my opinion consisted of doing this very thing."
It is therefore ordered that the judgment of the District Court be affirmed. *Page 908