DORE, Judge.
This is a suit arising from a collision between plaintiff’s automobile and defendant’s automobile at the intersection of Vine Street- and Lombard Street in the City of Opelousas. The accident occurred at approximately 4:30 in the afternoon on August 5, 1948. Lombard Street is a paved street running north and south and under the.Opelousas ordinance, is a right of way street. Vine Street is also a paved street and runs east and west and where it intersects Lombard Street, there are stop signs indicating to travelers thereon that Lombard Street is a favored street. The automobile of Allen Vidrine, plaintiff, was being driven by Mrs. Vidrine, his wife, with his knowledge and consent, traveling in a southerly direction on Lombard Street and the automobile of defendant was traveling in a westerly 'direction on Vine Street. The collision occurred in the west lane of Lombard Street when Mrs, Vidrine ran into the center or slightly to rear of center of defendant’s automobile. Plaintiff contends that the accident was caused solely by the negligence of the defendant in-driving at a reckless, careless and excessive rate of speed; -in failing to see the plaintiff’s, automobile .as it approached the. intersection on a right of way street and in violating a city ordinance relative to speed limits and right: of way. Plaintiff sues Austin J. Fontenot and his insurer claiming that his automobile was damaged to the extent of $181.88, plus $30.00 depreciation, plus $84.00 for loss of use for twenty-one (21) days while, his automobile was being repaired, making a total of $295.88 with interest and cost.
The defendants deny that Austin J. Fon-tenot was in any way guilty of negligence which was the proximate cause of the accident, and aver that the accident was due solely to the gross and flagrant negligence of Mrs. Vidrine in driving her car at an excessive rate of speed; in failing to keep a proper lookout or to maintain adequate control of her automobile and in failing to yield the right of way after Austin J. Fon-tenot had entered the intersection and preempted the same.
In the alternative, in the event that Austin J. Fontenot should be found to be guilty of any negligence which was a proximate cause of the accident, defendant pleads contributory negligence on the part of Mrs. Vidrine as a bar to plaintiff’s suit.
After trial on the merits the lower court rendered judgment in favor of plaintiff and against defendants in the sum of $223.88 with legal interest and cost. From this judgment the defendants have suspensively appealed to this court.
On the question of liability the trial judge in his reasons for judgment states; “My appreciation of the evidence shows that, the vehicles reached the intersection at approximately the same time, but the car driven by the defendant was proceeding at a speed in excess of what would be reasonable and prudent at such an intersection and is, therefore, at fault.”
The evidence is clear to the effect that the defendant, Austin J. Fontenot, failed to come to a stop as he approached the intersection from the east traveling west on *430 Vine Street. He admits that himself in his testimony. His only excuse for failing to make a stop is that he slowed down and seeing no traffic on Lombard Street kept going. He even admits that his vision was cut off by some vines or shrubbery at the northeast corner of Vine St. and Lombard St. but that not withstanding he proceeded to cross the intersection and did not see the Vidrine vehicle until he had arrived in the western lane of Lombard St. He states that he was driving at about twenty (20) miles per hour and that he was well acquainted with the situs of the accident, for the reasons that he traveled that route on an average of about three times per month. He further admits he had full knowledge that Lombard Street was a favored street and that he was supposed to stop in accordance with the stop sign at the intersection.
Mrs. Vidrine and her sister, who was riding with her, were the only two other eye witnesses to the accident. Mrs.’ Vid-rine, according to the testimony of Emil Vaida, claims representative for the defendant’s insurer, told him shortly after the accident that she never saw the Fontenot automobile until it loomed suddenly in front of her; that she knew that she had the right of way and consequently did not feel it necessary to look for traffic from the east or west. In her testimony under oath she denies that she ever told Mr. Vaida anything like that and she states that she did see the Fontenot automobile approaching the intersection from the east on Vine Street traveling at about 40 miles per hour and that she took it for granted that he would respect her right of way and that as he continued and she saw him in front of her she applied her brakes and tried to prevent colliding with him but that 'it was too late for her to avoid the collision. Mrs. Vidrine’s sister testified very much like Mrs. Vidrine, although she does not state that she saw the approaching Fon-tenot car.
'It is also testified by defendant Fontenot that right after the accident Mrs. Vidrine told him -that she was sorry but that' she did not see him until too late to avoid the collision. Mr's. Vidrine explains that the only statement she made was that she was sorry the accident happened, and that' she did not in and way admit that it was caused by her. ■ ■
The physical facts show that the Vidrine automobile struck the Fontenot' automobile slightly to the rear of the center and caused it to swerve some twenty-five (25) feet west of Lombard St. down Vine Street coming to-rest facing north, and that the Vidrine car turned from south to west and traveled to a distance close to the Fontenot automobile facing west coming to rest on or near the north curb in Vine Street.
From this evidence we feel that there is no question that Austin J. Fontenot was guilty of negligence which was a proximate cause of the accident. The only serious question is whether or not Mrs. Vidrine was also guilty of negligence which contributed to the accident.
In her own testimony, as stated above,, Mrs. Vidrine admits that she saw the Fon-tenot áutomobile as it approached the intersection driving a the rate of approximately forty (40) miles per hour. It is true that she had the right of way but in view of the emergency created by the defendant, of which she had full notice according to. her own testimony, can it 'be said that she acted in a manner of a reasonable and prudent person in continuing on her way merely on the supposition that since she was on a right of way street the defendant would respect such right of way?
The present case is analogous to the case of Stewart v. Keller et al., La.App., 36 So.2d 893, decided by this Court. In that case the collision occurred at the intersection of Linwood Avenue, which runs north and south, and Seneca Street which runs east and west in what is known as Standard Heights, at that time a suburb located just north of the City of Baton Rouge. Plaintiff’s Dodge automobile was being driven by his minor son and was travelling south on Linwood Street, (in our case plaintiff’s, automobile, driven by his wife, was travel-ling south on Lombard Street), and defendant’s truck was travelling east on Seneca Street, (in our case defendant was: travelling west on Vine Street), and because there were no ordinances or'signs or *431 traffic lights to indicate which had the right of way, the truck, since it was approaching from the right, enjoyed the right of way, {in our case the plaintiff’s-automobile had the right of way both by ordinance of the City of Opelousas and approaching from the right). The testimony of the truck driver in that, case was almost exactly similar to the testimony of Mrs. Vidrine, the driver of plaintiff’s automobile, in this case and we held that he was negligent. In referring to the defendant’s negligence, which would correspond to Mrs. Vidrine’s in this case, we said, quoting with approval from the trial judge’s reasons for judgment: “On the other hand, if his testimony is to be believed, the driver of the truck was also negligent. If as he says, the Dodge was approaching the intersection at a speed of forty miles and hour (the exact speed Mrs. Vidrine testified defendant was approaching the intersection in this case) when the truck was about to enter it, with no apparent effort to stop and when both were about the same distance away, the mere fact that he had the right of way afforded no excuse for going into a known visible and obvious danger. His negligence in my opinion consisted of doing this very thing.” Italics ours.
We could cite many other cases in whjch It was held that perons who had the right of way, either by preemption or by statutes or ordinances were held to be negligent, barring their recovery.
In, the case of Guernsey v. Toye Bros. Yellow Cab Co., La.App. 172 So. 459, 461, it is stated: “We are much impressed by the statement of Judge Linn of the superior Court of Pennsylvania in the case of Brayman v. DeWolf, 97 Pa.Super. 225, to the ■effect that in all cases of intersectional collisions between automobiles, both drivers are perhaps at fault and on our own part ■we will go so far as to say that, as a rule, .such collisions could be avoided if the ■driver of either vehicle exercised proper ■care and caution. There are exceptions, however, and under certain circumstances the entire blame for the collision can be fixed upon one of the drivers. It is not necessary in order to be held blameless for a resulting collision for a driver to await the clearance of all visible traffic before entering an intersection. The rule, as has often been stated by this and other courts, is to the effect that the propriety of a driver’s action in entering an intersection in the face of approaching vehicles on the intersecting street must be determined by the special circumstances obtaining, and, if his action in so doing be that of a reasonably prudent person, no fault can be imputed to him. This was the holding in Hamilton v. Lee, La.App., 144 So. 249; Simpson v. Pardue, 15 La.App. 341, 131 So. 854; Bethancourt v. Bayhi et al., La.App., 141 So. 111; Pannell v. Consolidated Parcels, Inc., La.App, 164 So. 167.”
Considering Mrs. Vidrine’s account of the happening of the accident, we are of the opinion that Mrs. Vidrine’s negligence in not keeping a proper lookout and in not having her car under proper control when arriving at the intersection was a contributing or a proximate cause of the accident and is a bar to plaintiff’s recovery.
For the reasons assigned, the judgment appealed from is annulled, reversed and set aside and plaintiff’s suit is dismissed at his costs.