ELLIS, Judge.
Plaintiff herein seeks damages in the amount of $443.12 as cost of repairs to his automobile, and the sum of $100.00 for inconvenience resulting from the non-use of his car during the period of repairs, alleging the damages were the result of an inter-sectional collision between an auto *594 mobile owned by him and being operated with his permission, by his minor son, and a vehicle owned and operated negligently by the defendant. The defendant filed answer denying he was guilty of any negligence, and plead in the alternative contributory negligence of the driver of plaintiff’s car, praying by reconventional demand, damages to his automobile.
The District Court awarded damages to plaintiff in the amount of $443.12, but disallowed his claim for loss of use of the automobile and inconvenience.
From this judgment the defendant has appealed.
The collision forming the basis of this law suit occurred at an intersection approximately six miles east of Church Point, La. .Plaintiff’s minor son, Merlin Faul, was operating the plaintiff’s vehicle traveling in a northerly direction on a rural road, while at the same time the defendant was driving his own vehicle in an easterly direction on a rural State road intersecting the road on which the plaintiff’s minor son was driving. The road upon which the defendant’s car was traveling ran east and west, while that upon which the plaintiff’s car proceeded ran north and south.
The trial court concluded from the evidence that the collision occurred when plaintiff’s car had traveled across the middle of the intersection, the rear end thereof being north of the mid line of the east-west highway on which the defendant wa's traveling. Also, the trial court concluded plaintiff’s automobile had entered the intersection before t'he automobile of the defendant, and that plaintiff’s car was entering the intersection from the defendant’s right and it therefore had the right of way under LSA-RS Title 32, Section 237. Further, that neither of the drivers saw the other until they had both reached a point where it was impossible for either to stop and avoid a collision.
The opinion of the District Judge was based upon a definite finding that the plaintiff had the right of way because he was approaching the intersection from the right. Counsel for the defendant attempted to prove the custom at this intersection, that is, whether traffic traveling north as plaintiff was traveling customarily stopped for traffic traveling east as the defendant was traveling, and an objection was made and sustained. The court’s ruling as to custom was probably correct, however, evidence would have been admissible to show which road or ■ that the east-west gravel State maintained highway was the most heavily traveled and of more importance, and under such a finding the defendant would have had the right of way. This was not shown, but both the testimony and photographs reveal that the gravel road running east and west upon which the defendant was traveling is maintained by the State and that the road running north and south and that portion to the north of the State highway upon which defendant was traveling was a dirt road in bad condition, and the photographs show this plainly. In other words, the road running north and south and upon which plaintiff was traveling is primarily used to get to the State maintained road running east and west. Under these facts, it would be logical to conclude that the road upon which the plaintiff was traveling was of secondary importance to the road upon which the defendant was traveling, and, therefore, the defendant would have been entitled to the right of way and not the plaintiff.
Be this as it may, we believe that should we accept the finding that the plaintiff under ordinary facts and circumstances enjoyed the right of way that in this particular case he was guilty of contributory negligence. The only fact that would relieve the plaintiff of such negligence would be a ‘finding that 'he had legally pre-empted this intersection, which is not the case. It is shown that the collision occurred in approximately the center of the highway, and that the middle of plaintiff’s car was astride the center line and the main damage was done in front of the left rear fender of his car, and the greatest damage done to the right front of defendant’s car which would prove that *595 the plaintiff had not completely cleared the center line of this 22 foot road with the rear end of his car.
There is a store located fifty feet south of the State maintained gravel road on which the defendant was traveling and a short distance across the ditch to the west of the north-south road upon which plaintiff’s son was traveling. It is clear that anyone arriving at the corner of this store could see to his left farther than a block, and anyone traveling in an east-west direction could also see traffic for the same distance as soon as it cleared the corner of the store. If we take the testimony of the plaintiff that he had been traveling 30 miles per hour and as he approached this intersection he slowed down to 15 miles per hour and could see for one block, he is guilty of contributory negligence, for it is an absolute fact that at that time the defendant was within his line of vision at approximately the same distance from this intersection as the plaintiff. He testified that he looked and did not see the defendant. From the facts in the case, had he looked he would have seen defendant, for both arrived at this intersection at approximately the same time. If the defendant had been, more than a block away when plaintiff was 50 feet from the intersection there would have been no collision for the plaintiff would have gotten safely across. Plaintiff did not look, and the reason he did not look is clearly given in the testimony of the two disinterested witnesses who were in front of this store building at the time of the collision. They testified that immediately after the wreck the plaintiff stated, not once but five or six times, that before he arrived at the intersection and before he got to the store he had looked across to the highway running east and west and had seen the defendant’s car coming traveling easterly, but that he thought he had time to get across the intersection. We see nothing in the testimony to give us any reason to doubt the testimony of these two witnesses on this point. Their testimony is corroborated by the fact that the plaintiff did not look to his left because he thought he had time to cross the intersection. The defendant was guilty of negligence, but the plaintiff was guilty of contributory negligence in not keeping a proper lookout and in attempting to cross the intersection in the face of a visible and obvious danger. Also, we believe he Was not traveling 15 miles an hour but 35 to 40 miles an hour and was, therefore, guilty of traveling at an excessive rate of speed, all of which negligence contributed to the accident.
The district judge seemed to place much emphasis on the fact that the defendant was traveling in the center of the road and not on the right hand side of the road. If there was any negligence in this on the part of the defendant it was too remote to be a proximate cause of this collision.
Plaintiff relies strongly upon Perkins v. Rusciano, La.App., 29 So.2d 532. In that case the Court found that the plaintiff had preempted the intersection. In the present case the plaintiff had not pre-empted this intersection, for both would have arrived at the intersection at approximately the same time had not the defendant applied his brakes, which it was shown skidded for 20 to 25 feet. This slowed his speed, while the plaintiff was still traveling at 30 to 40 miles per 'hour, and it was only because of the application of the brakes that possibly the defendant was not struck on his right front fender by the front end of the plaintiff’s car.
The case of Genovese v. Daigle, La.App., 17 So.2d 736, and Vidrine v. Fontenot, La.App., 49 So.2d 428, 431, and Stewart v. Keller, La.App., 36 So.2d 893, and the cases cited in Vidrine v. Fontenot, supra, 49 So.2d at page 431, are opposite, which upheld the following: “ * * * The rule, as has often been stated by this and other courts, is to the effect that the propriety of a driver’s action in entering an intersection in the face of approaching vehicles on the intersecting street must be determined by the special circumstances obtaining, and, if his action in so doing be that of a reasonably prudent person, no fault can be imputed to him. This was the holding in Hamilton v. Lee, La.App., 144 So. 249; Simpson v. Pardue, 15 La.App. *596 341, 131 So. 854; Bethancourt v. Bayhi et al., La.App., 141 So. 111; Pannell v. Consolidated Parcels, Inc., La.App., 164 So. 167.”
Applying the rule quoted, one cannot say that under the special facts and circumstances in this case the plaintiff’s action in entering this intersection was that of a reasonably prudent person.
It is therefore, ordered that the judgment of the District Court be reversed and that there now be judgment dismissing plaintiff’s suit and defendant’s reconven-tional demand, the costs to he borne equally by plaintiff and defendant.