LUTHER E. HALL, Judge pro tern.
The subrogated property damage insurer of Victor Jaubert filed suit against the defendant Paul Stacey and his liability insurer to recover for damage to Jaubert’s automobile resulting from an intersectional collision between Stacey’s automobile and Jaubert’s automobile which occurred about 1 A.M. on January 1, 1958 at the intersection of Wilson Drive and Dumaine Street in tlie city of New Orleans.
The District Court rendered judgment in plaintiff’s favor as prayed for and defendants appealed.
The amount of damage to Jaubert’s car being stipulated, the sole question presented here is whose negligence caused the accident.
Wilson Drive runs approximately north and south and intersects Dumaine Street which runs in an approximate east-west direction. As of the date of the accident there were no traffic controls at the intersection and neither street had priority over the other under the city ordinances. The speed limit on Wilson Drive was twenty miles per hour while the limit on Dumaine Street was thirty miles per hour.
Stacey was driving in a southerly direction on Wilson Drive while Jaubert was proceeding in a westerly direction on Du-maine Street. The two cars struck each other in the center of the intersection, the point of contact being the right front of the Jaubert automobile and the left front of the Stacey vehicle.
The two drivers were the only eye witnesses to the accident.
Stacey testified that he was travelling twenty to twenty-five miles per hour on Wilson Drive and reduced his speed somewhat as he approached the intersection and looked in both directions on Dumaine Street; that he was able to see seventy to one hundred feet to his left on Dumaine Street; that he saw no traffic approaching from his left and proceeded into the intersection; that he did not see the Jaubert car until he had gotten well into the intersection. It is unnecessary to relate Stacey’s further testimony since the District Judge was “of the opinion that Mr. Victor Jaubert told the truth.”
Mr. Jaubert testified that he approached the intersection at about twenty five miles per hour; that his view to the right up Wilson Drive was blocked by a residence near the corner until he approached within twenty or thirty feet of the intersection, at which point he looked to his right and was able to see twenty or thirty feet into Wilson Drive; that he saw no one coming; that just as he reached the intersection the Stacey automobile “shot out from Wilson Drive” and “came right across”; he was unable to estimate Stacey’s speed except that he was going “pretty fast” and did not slow down; that he could have averted the accident if Stacey had been going twenty miles per hour and had been in view when he looked; that he saw Stacey just as he entered the intersection; that Stacey at that time was “right almost on the corner of Dumaine and Wilson”; that he immediately reached for the brakes and tried to turn away but the cars collided in the middle of the intersection.
*780 Appellants contend that the Stacey automobile had the right of way being the vehicle approaching from the right; that the sole cause of the accident was Jaubert’s negligence in not according Stacey the right of way; and, that, alternatively, Jau-bert was guilty of contributory negligence.
In his written reasons for judgment the District Judge said:
“The defendant (Stacey) testified that he slowed down and looked to his left and to his right and he did not see plaintiff’s car. Under these circumstances the defendant was negligent in that he did not see what he should have seen.
“The Court is of the opinion that Mr. Victor Jaubert told the truth.
“The Court is further of the opinion that the proximate cause of the accident was the negligence of the defendant,, in that he suddenly drove into the intersection in the path of the oncoming car.”
 This Court will not disturb a trial court’s findings of fact nor his opinion as to the veracity of witnesses except in cases of manifest error, and we find none here.
While section 38-133 (b) of the Traffic Ordinance of the City of New Orleans (ordinance No. 828 Mayor Council Series) provides that the right of way shall be accorded to the vehicle approaching from the right when neither of the two intersecting streets is otherwise given priority under the ordinance, that provision presupposes that the vehicle will be driven in a lawful manner and does not absolve the driver thereof from responsibility for unlawful or negligent conduct.
We are of the opinion that Stacey, by not maintaining a proper lookout and by shooting out into the intersection was driving in “an unlawful manner” and thus forfeited his right of way.
Under the facts as related by Jau-bert and given credence by the trial judge the Stacey automobile approached the intersection at a rapid rate of speed and evidently had not reached a point within Jau-bert’s line of vision when Jaubert looked to his right. The two cars arrived at the intersection simultaneously. Had Stacey been travelling within the speed limit Jau-bert could have seen him in time to avert the accident. We find no contributory negligence on the part of Jaubert.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.