176 So.2d 799 (1965)
Mrs. Marcelle BALL et al.
v.
MARQUETTE CASUALTY COMPANY and Clifford Wormser, Sr.
No. 1712.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1965.
On Rehearing July 15, 1965.
*800 O'Keefe & O'Keefe, Gerald P. Fedoroff, New Orleans, for plaintiffs-appellees.
Simon, Wicker & Wiedemann, Lawrence D. Wiedemann, New Orleans; Price & Francipane, Chester Francipane, Metairie (On Rehearing), for defendant and third-party plaintiff-appellant.
Racivitch, Johnson, Wegmann & Mouledoux, William Wegmann, New Orleans, for defendant and third-party plaintiff-appellant.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
SAMUEL, Judge.
This case arises out of an intersectional automobile collision. Plaintiffs are Mrs. Marcelle Ball, owner and driver of one of the cars involved, the three lady passengers in the Ball car and the husband of one of those passengers, who as head and master of the community seeks reimbursement for his wife's medical expenses and loss of wages. Defendants are Marquette Casualty Company, liability insurer of the other car involved, and Clifford Wormser, Sr., individually and as administrator of the estate of his minor son Clifford Wormser, Jr., the latter having been the driver of the other car.
The defendants' answer denies negligence on the part of the defendant-driver and, alternatively, pleads contributory negligence on the part of the plaintiff-driver. Defendants also filed a third-party petition against Maryland Casualty Company, the liability insurer of Mrs. Ball, seeking indemnification or contribution from Maryland should a judgment be rendered in favor of the passengers in the Ball vehicle and against the defendants.
Defendants have perfected this appeal from a district court judgment in favor of plaintiffs and against both defendants. With the exception of that plaintiff who is the husband of one of the passengers in the Ball car, all plaintiffs have answered the appeal seeking an increase in quantum.
Maryland Casualty Company, as the subrogated property damage insurer of Mrs. Ball, filed a separate suit arising out of the same accident against Marquette Casualty Company alone. The two cases were consolidated for trial in the district court which rendered separate judgments in each. We have this day handed down an opinion and decree in the consolidated case by Maryland v. Marquette, 173 So.2d 868.
The collision occurred in the City of New Orleans on March 11, 1963, at about 9:30 p. m. Mrs. Ball's car was traveling north on Alvar Street at about 17 to 20 miles per hour and the Wormser car was traveling west on North Villere at about 35 to 40 miles per hour. The speed limit on both streets was 20 miles per hour and the intersection was uncontrolled. Alvar was a wide, paved and heavily traveled thoroughfare while North Villere was a relatively narrow, nonpaved street which principally served local traffic.
When Mrs. Ball neared the intersection of Alvar and North Villere (she testified she was about two car lengths or less away), she saw the Wormser car's headlights at a distance she estimated to be six car lengths from the intersection. Believing she could safely cross the intersection, she attempted to do so. Young Wormser's testimony was that he was traveling at 20 to 25 miles per hour, that he slowed for the intersection, could see about four car lengths to his left on Alvar, and looked but did not see Mrs. Ball's car before the collision. However, a witness who was *801 following Wormser in another vehicle testified Wormser was speeding at about 35 or 40 miles per hour and that Wormer's tail lights did not indicate any braking of his car until the time of the collision.
The collision involved the right front of the Ball car and the left front of the Wormser vehicle. The Wormser car continued up North Villere, striking a house at the corner and coming to rest against a tree and a parked car some 75 feet from the point of impact. The Ball car was turned around about 180 and came to rest on North Villere just out of the intersection.
There can be no doubt as to the negligence of Wormser, Jr. Appellants concede this in brief and in argument in this court. They rely on the contention that Mrs. Ball was contributorily negligent when, they argue, approaching an uncontrolled intersection from the left and seeing a vehicle approaching from her right at a rapid rate of speed about six car lengths away from the intersection, she attempted to cross.
Appellants cite McWaters v. Turnage, La.App., 156 So.2d 68, Vidrine v. Fontenot, La.App., 49 So.2d 428 and Stewart v. Keller, La.App., 36 So.2d 893, as requiring a determination of contributory negligence here. But we find those cases factually different in material respects. As this court said in Durham v. Oelsner, La.App., 159 So.2d 428, 430, it is highly improbable that any two intersectional accidents will ever be precisely alike. Each case must be decided on its own particular facts.
In McWaters the facts are similar to this case except that there the court determined the car approaching from the right was in fact at such proximity to the intersection as to make Mrs. McWaters' entry therein "patently and obviously dangerous under the circumstances". She had not seen the other car at all. The trial judge in the instant case obviously found no such clear danger present, and from the record we cannot say this finding was erroneous. In Vidrine plaintiff "had full notice according to her own testimony" of the emergency created by the defendant. In Stewart, too, from the plaintiff driver's testimony he was aware of the "known, visible and obvious danger". Here we have no such case; all that Mrs. Ball saw were headlights, sufficiently far away so that there would have been no collision if defendant's car had been traveling within the speed limit.
The question is whether, under the circumstances of this case, Mrs. Ball should have observed the speed of the Wormser car. This is a question largely dependent on an evaluation of the factual situation. Had the Wormser car's headlights been seen a full block away, we would not hesitate to hold that Mrs. Ball was not obliged to pause to calculate its speed, but would have been entitled to rely on the assumption it was traveling at a lawful speed, and therefore presented no danger. The trial court here doubtless determined that, at the distances here involved, the expectation of Mrs. Ball that she could safely cross the intersection was a reasonable and not imprudent expectation. Moreover, it is a fact that had Wormser, Jr., been traveling at a lawful speed the collision would not have occurred. We cannot say the lower court committed error in determining that Mrs. Ball was free of contributory negligence upon the record before us. The circumstances of darkness, the fact that she could see only the approaching headlights, the distances involved and the characters of the two streets (even though, in the absence of an ordinance to that effect, we do not hold Alvar was the superior street) all lend strength to Mrs. Ball's right to assume that Wormser, Jr., was traveling at a lawful rate of speed and that she had sufficient time to cross the intersection. Mrs. Ball did testify that the Wormser car was about six car lengths away, but she also testified it was "a good distance away" and she believed she could go through the intersection safely. We are satisfied that she did not know the Wormser car was speeding.
*802 As Wormser Jr.'s excessive rate of speed deprived him of the right-of-way accorded to a vehicle approaching an uncontrolled intersection from the right (§ 38-133(b) of the New Orleans City Code, 1956; Grangers Mutual Insurance Company v. Stacey, La.App., 148 So.2d 778), we agree with the trial court finding of no contributory negligence on the part of Mrs. Ball.
Mrs. Ball underwent a short second hospitalization for the treatment of jaundice and, on the question of quantum, appellants argue that the district court erred in allowing her medical expenses, loss of wages and pain and suffering during that second hospitalization. The argument is not well founded. Mrs. Ball developed the jaundice during the period of her confinement to bed because of a knee injury received in the accident. She would have been confined to bed as a result of the knee injury, and the medical expenses complained of, the loss of wages and the pain and suffering would not have been changed, even if she had not experienced the jaundice.
The trial court judgment awarded to Mrs. Ball the total lump sum of $7,500, which includes $824.70 for medical and hospital expenses, $1,523 for loss of earnings, $50 which paid for property damages to her car under her insurance policy with Maryland, and $5,102.30 for her injuries, pain and suffering. The $824.70 item includes the sum of $316.30 for the second hospitalization which resulted from what the hospital records describe as "homologous serum jaundice". This plaintiff attempted to prove a causal connection between the jaundice condition and the accident by copies of the hospital records and notations contained thereon. Counsel for Mrs. Ball contends that the jaundice was caused by blood transfusions she received during her first admission for treatment of the knee injury. The hospital records also contain notations that Mrs. Ball had experienced similar episodes of jaundice before the accident and, while the original admission diagnosis was "homologous serum jaundice", this appears to have been in error; the attending physician during the first hospitalization testified Mrs. Ball received no blood. Mrs. Ball has failed to prove a causal connection between the jaundice condition and the accident and, accordingly, the judgment in her favor must be reduced by the expense of the second hospitalization, $316.30.
As to the award for loss of wages and pain and suffering, however, it does not appear that either of these items was based at all on the jaundice; it is clear from the record that Mrs. Ball's incapacity, pain and suffering was attributable to the injuries received in the accident, which included a severe knee injury, a laceration of the forehead, contusion of the right lower chest wall, and general bruises and contusions.
Mrs. Ball was 59 years of age at the time of the accident. Her principal injury was an open fracture of the patella of the right knee, with the lower pole or about 20% of the patella comminuted. The lower pole had to be surgically removed, the quadriceps tendon severed and reattached to the lower end of the patella by suturing through holes drilled through the patella.
She remained in a long leg cast for about three and a half weeks, and was confined to her bed for some four or five weeks after the accident. Thereafter she was able to leave the bed and use a wheel chair. Approximately five and a half weeks after the accident she was advised to begin trying to walk with the aid of crutches. As late as two and a half months after the accident she was still being brought to the hospital in an ambulance, and a week thereafter her hospital record still shows she "needs to continue ambulation" at home. The record is not clear as to when she regained the ability to walk even with difficulty, although this appears to be about five months after the accident. She testified she was not able to return to her work of showing houses as a real estate salesperson until some seven months after the accident.
*803 She has some residual disability, not more than 15% loss of function of the right knee, and the medical evidence shows that, on weight-bearing examination, she lacks approximately 20 of complete flexion. She experiences difficulty going up and down stairs and has to turn sideways to do so, a definite handicap in her type of work.
We are of the opinion that the quantum on account of her injuries and pain and suffering should be increased from $5,102.30 to $7,500. See Gisclair v. Security Insurance Co., La.App., 171 So.2d 483; Breaux v. Flithers, La.App., 144 So.2d 574; Dark v. Brinkman, La.App., 136 So.2d 463.
Appellants do not argue that the quantum awarded the guest passengers is excessive; as to them the appeal was taken only on the liability question. But, as we have pointed out, the guest passengers have answered the appeal seeking an increase in quantum.
Those plaintiffs suffered various contusions and abrasions with hematomata, a detailed discussion of which does not seem warranted. The district court awarded them $500, $450 and $500 for their injuries and our review of the record does not persuade us that those amounts are inadequate.
Subsequent to the argument and submission of this case in this court, by judgment in the matter entitled "Dudley A. Guglielmo, Commissioner of Insurance, State of Louisiana vs. Marquette Casualty Company", No. 104,820 of the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, and under the authority of LSA-R.S. 22:733 and 22:734, one of the defendants, Marquette Casualty Company, was placed in rehabilitation; Dudley A. Guglielmo, Commissioner of Insurance of the State of Louisiana, was named as rehabilitator; and an injunction was issued prohibiting the bringing or further prosecuting of any action against said company. The Commissioner of Insurance, as rehabilitator of Marquette Casualty Company, has filed a motion in this court seeking a stay of all further proceedings in this cause against Marquette. Accordingly, we follow the prior jurisprudence and stay all proceedings on this appeal insofar as the same affects Marquette Casualty Company. Benenate v. Brooks, La.App., 95 So.2d 757; Scott v. Baton Rouge Bus Co., La.App., 118 So.2d 486.
For the reasons assigned, the motion to stay further proceedings against the defendant Marquette Casualty Company is granted and all proceedings on this appeal are stayed insofar as the same affect Marquette Casualty Company. Insofar as it affects the remaining defendant, Clifford Wormser, Sr., individually and as administrator of the estate of his minor son Clifford Wormser, Jr., the judgment appealed from is amended so as to increase the total award to Mrs. Marcelle Ball from the sum of $7,500 to the sum of $9,581.40, with legal interest thereon from date of judicial demand until paid. As thus amended, and in all other respects, the judgment against the aforesaid Clifford Wormser, Sr. is affirmed; costs of this appeal to be paid by the defendant, Clifford Wormser, Sr.
Proceedings stayed as to one defendant; amended and affirmed as to the other defendant.

ON REHEARING
Before McBRIDE, REGAN, YARRUT, SAMUEL, and CHASEZ, JJ.
REGAN, Judge.
A careful reconsideration and thorough analysis of this matter convinces us that our former opinion and decree are correct and that they should be reinstated.
For the reasons assigned, our original opinion and decree herein are reinstated as the final judgment of this Court.
Original decree reinstated.