ELLIS, Judge.
The plaintiff is seeking damages for personal injuries received by him in an accident which occurred at the intersection of Main and South Streets within the city limits of Opelousas, Louisiana, at approximately 3:30 P.M. on March 2, 1951. Plaintiff alleged that he was riding his bicycle north on Main Street on the west side of said street, and that the truck of the defendant was being driven by an employee traveling east on South Street, and that although the plaintiff had entered the intersection and had traversed approximately one-half its distance, the truck of defendant wrongfully entered the intersection without stopping or slowing down and struck the plaintiff.
Defendants deny any negligence on the part of their truck driver and allege that the driver as he neared the intersection applied his brakes with the intention of stopping to allow traffic on Main Street to proceed ahead of him and had virtually come to a stop when the plaintiff cut sharply to his left into South Street and struck the defendant’s truck. The defendants specifically allege that the sole proximate cause of the accident was the negligence of plaintiff, his failure to maintain a proper lookout, in making a left-hand turn in violation of law by cutting diagonally across the intersection and in failing to keep his bicycle in his proper lane of traffic, and in the alternative, plead the contributory negligence of plaintiff as a bar to his recovery.
The District Court with short written reasons found “that.the collision would not have occurred had not the driver of the pick-up truck entered the intersection without coming to a full stop” and “that the accident occurred on Main Street and not on South Street as is contended for by the defendant”, and therefore rendered judgment in favor of the plaintiff, from which the defendant has appealed.
It is undisputed that the plaintiff was traveling north on Main Street on bis bicycle three or four feet distance from the west cúrb line of said street, and that as he reached the intersection of South and Main Streets a truck traveling south passed and that the plaintiff intended to make a left turn at South Street, and that the truck of the defendants was being driven in an easterly direction on South Street and intended to make a left turn on Main Street, and that there is a stop sign on South Street. It is further shown and agreed that this intersection on the south side was virtually a blind corner due to thick shrubbery that grew along and parallel to the sidewalk on the south side of South Street. The shrubbery began about eight feet back from the southwest corner of the intersection of Main and South Streets, in other words, a motorist could not see south on Main Street nor west on South Street until he was within eight feet of the intersection.
*157 It is the testimony of the plaintiff that when he arrived at the .intersection he did not attempt'a left turn immediately and had reached approximately the center line of South Street as it intersects Main Street when the left-hand side of the bumper of the pick-up truck, traveling' at approximately 15 miles an hour, struck him on his left leg, knocking him off the bicycle. He further testified that he was three to four feet out in Main Street at the time he was struck.
On the other hand, the driver of the defendant’s truck testified that he was virtually stopped in the south lane of traffic from three to five feet west of the intersection when the plaintiff cut diagonally across the intersection and struck the left-hand side of the bumper of his truck and fell a short distance south of the northwest corner of the intersection in South Street, a few feet to the west of Main Street, and that his bicycle fell in the edge of Main Street to the east of the plaintiff. The driver of the truck admits that he did not see the plaintiff until he had practically-struck the truck.
There were two parties who claim to have been eyewitnesses to the accident at the time the bicycle and truck collided. One was walking on the opposite side of Main Street traveling north some distance down the street. As to the collision he testified: “The truck was coming on a side street, when he got to Main Street I see where the accident happened — -I don’t know — I couldn’t say — just about four feet from the side street.” He testified that the accident happened more to the north part of the intersection. This witness further testified that he saw no one move the truck and that he ivas there when the police arrived. This witness further testified that a truck had just passed the intersection at the time of' the accident and this testimony corroborates that of the plaintiff and the driver of defendant’s truck. This witnesses’ testimony was not too enlightening. The other so called eyewitness was the driver of the truck going south on Main Street that passed the plaintiff just as the latter arrived at the intersection. This witness testified that he saw the plaintiff coming north on Main Street and that the latter had crossed from the east side of Main Street to the west before they met and, therefore, passed the truck being driven by this witness to the right or west side, and that when he had gone approximately 45 or 50 feet he looked in his mirror and saw the plaintiff falling; that he stopped his vehicle and returned to where the plaintiff was lying and at this time he saw the truck “out on Main Street coming out of South Street and it was sticking over on the north side about three feet, I would say about three or four feet.” He also testified' that when he got to the scene of the accident he saw the driver of defendant’s truck standing by the plaintiff and that he- asked him to help raise him up. It is his further positive testimony that the truck of the defendant was not moved while he was there. This is important in arriving at the point of the collision, that is, whether it happened in South Street or in Main Street. These two eyewitnesses, if they may be termed such, placed the point of collision as being three or four feet in Main Street, and that the plaintiff was lying in Main Street close to the northwest corner of the intersection.
Very shortly after the accident happened two police officers arrived on the scene, where they found the defendant’s truck stopped in the south lane of traffic on South Street three to five feet west of the intersection. The driver of defendant’s truck had stated to them that it had not been moved, that he wanted to leave it right where it was at the time the plaintiff ran into the left-hand side of the front bumper. There were no' skid marks and no witness heard the sound of any brakes being applied. In view of the testimony of all the witnesses that the truck had not been moved and that of the officers as to its location, we are of the opinion that the District Court was-in error in finding that this accident occurred three to four feet in Main Street. At least we are firmly of the opinion that the plaintiff has failed to prove this fact. The mere fact that he was lying close to the northwest corner of the intersection and that his bicycle was several feet east of him is not sufficient to establish his version of the accident. His position and that of the *158 bicycle after the accident could reasonably have been the same if the accident had happened as contended and testified to by the driver of the defendant’s truck. There cannot be the least doubt but that the plaintiff is in error when he testifies that the defendant’s truck was traveling at a speed of 15 miles an hour when it struck him three or four feet out in Main Street. The damage to the bicycle was very slight, one upright bar was slightly bent and a fender on the rear wheel was bent. Further, this truck would not have come to a stop where it did, three to four feet from the intersection of Main and South Streets, and neither the plaintiff nor his bicycle would have come to rest at the northwest corner of the intersection. More than likely they would have been found some distance to the east or near the center of Main Street. We are convinced that the accident occurred as testified to by the driver of the defendant’s truck, that is, that the plaintiff cut diagonally across South Street intending to turn to his left, did not look nor see the truck, and that the driver of the truck was rightfully watching traffic coming from the north to the south and waiting for this truck being driven south which passed the plaintiff as the latter arrived at the intersection to clear his path on Main Sreet, and that at the time of the impact the truck was stopped, or virtually stopped. There was no necessity for any brakes to be applied and there is no testimony that any were applied or heard. The driver of the defendant’s truck was doing exactly what he should have done, that is, to slow down to such an extent at this intersection as to have his truck under control in ease of an emergency or to come to a complete stop. We find no negligence on the part of the driver of defendant’s truck, however, we are firmly convinced that the plaintiff was guilty of gross contributory negligence. The negligence of the plaintiff in riding his bicycle on the wrong side of the street and in not keeping a proper lookout and in making a left-hand turn contrary to the law were contributing causes if not the proximate cause of this accident. We are in entire accord with the concise statement made by counsel for defendant in his brief that “it seems clear to us that it was negligent for the plaintiff to proceed on the extreme leftha’nd side of the highway, and to execute a lefthand turn in a manner absolutely contrary to law and so grossly contrary to custom that the reasonable prudent driver could not expect such a flagrant violation.”
The plaintiff forfeited any right of way that he might have enjoyed by virtue of his being upon Main Street by the manner and method in which he proceeded on said street. In traveling north on Main Street he should have been on the east side of the street in his proper lane of traffic. Plaintiff’s testimony and version convicts him of contributory negligence. He testified that when he was within eight feet from the corner he first saw defendant’s truck on South Street traveling east or towards the intersection at about 15 miles per hour about forty feet from the corner and continued on his course without ever looking to the west to ascertain the movement of the truck or its position when he reached the intersection, and did not see it again until he was about the center, of South Street when his bicycle was struck by the left front bumper. Under this statement he was certainly negligent in that he was not keeping a proper lookout. A prudent driver, driving or traveling in the wrong lane of travel, would not have entered the intersection without looking again to see if it was safe for him to do so.
The plaintiff attempts to bring this case under the doctrine of Rottman v. Beverly, 165 So. 153, 183 La. 947, and Jackson v. Cook, La.App., 181 So. 191, however, under the facts the doctrines of last clear chance or discovery of peril are not applicable.
The cases cited by the plaintiff are not apposite. We feel it is unnecessary to go into a discussion of each of those cases and distinguish them. He seems to rely chiefly upon Faul v. Miller, 55 So.2d 593. The negligence in that case of the plaintiff, if any, in traveling in the center of the highway was too remote to be proximate cause of the collision, but the negligence of the plaintiff in the present case in traveling in an unlawful, improper manner and in not *159 keeping a proper lookout and making a left turn in violation of the law was not a remote but a proximate cause of this accident.
It is therefore ordered that the judgment of the District 'Court be reversed and the plaintiff’s suit dismissed at his cost.