LOTTINGER, Judge.
This is a suit by Elmer Parnell for property and personal damages against Alton H. Wilson and his liability insurer, the Connecticut Fire Insurance Company. The Lower Court awarded judgment in favor of defendants and dismissed petitioner’s action, and petitioner has taken an appeal.
This matter was submitted in the Lower Court on stipulation of fact entered into by and between petitioner and defendants, the entire stipulation being as follows:
“It is stipulated by and between counsel for plaintiff and defendants that the defendant, Alton H. Wilson, has standard automobile liability coverage with Connecticut Fire Insurance Company, the terms of which speak for itself, that on or about March 10, 1961 the said Alton H. Wilson was parked on Columbia Street in the East parking lane, facing North, in front of B. F. Goodrich Store near Richmond Funeral Home, that about the time he started to pull off into the traffic lane, one Elmer Parnell was proceeding Southwardly on a bicycle also in the East parking lane, that at some time during the pulling off process Mr. Wilson looked over his left shoulder to ascertain whether traffic was coming, that about that time or shortly thereafter a collision occurred between Mr. Wilson’s vehicle and Elmer Parnell’s bicycle.
“It is further stipulated that the Court takes judicial notice of the Boga-lusa City Code with specific reference to the Ordinance that relates to bicycles or the side of the street which they must travel.
“It is further stipulated that the report letter of John L. Pepe, M.D. is introduced in lieu of his testimony and that he has submitted one bill in the amount of $46.00 for alleged treatment and one bill in the amount of $10.00 for the report filed herein.
“It is further stipulated that were Mr. Wilson here that he would testify that he did not see Parnell or the bicycle before the collision occurred.”
In his petition, the petitioner claims that, as a result of the said accident, he sustained property damage to his bicycle and clothing in the sum of $75.00, medical expenses in the sum of $46.00, and physical injuries in the sum of $18,000.00, his total demand being in the amount of $18,-121.00. The defendants filed answer in which they deny any negligence on the part of Alton H. Wilson, the driver of the automobile, and, in the alternative, allege contributory negligence on the part of Elmer Parnell, who was on the bicycle. In addition to the stipulation, the only evidence filed in the record is a letter from Dr. John Pepe, M.D., in which he states that petitioner received abrasions of left hand, multiple contusions, and contusion of the right hip. The letter states that petitioner was originally brought to Dr. Pepe for examination and treatment on March 10, 1961, and that he was discharged on April 7, 1961. Attached to the letter is a statement of Dr. Pepe dated November 10, 1961 for a report on petitioner in the sum of $10.00, and another statement dated the same date in the total sum of $46.00 representing an examination, first aid, and office visits and shots. From this statement it appears that petitioner visited the doctor’s office on nine occasions from March 10 until April 7.
The Lower Court held the defendant driver guilty of negligence. We concur with the Lower Court’s finding as regards the negligence of the defendant driver, as the stipulation of fact indicates that he commenced to drive his vehicle from its parked position while he was looking over his left shoulder to ascertain whether any traffic was coming from the rear. The stipulation states that at about this time, or shortly thereafter, the collision occurred, and that the defendant driver did not see petitioner or the bicycle before the impact. *424 The defendant was therefore guilty of gross negligence in not looking whence he was going, and in failing to see what he should have seen, as the bicycle was apparently in plain view at the time.
According to the stipulation of fact, and the ordinance of the City of Bogalusa which is referred to therein, there is no question but that the petitioner was violating the City Ordinance in riding his bicycle in his left hand lane of traffic. It further is shown that, at the time of the accident the petitioner was in violation of the state law particularly LSA-R.S. 32:231 which states that the driver of a vehicle shall drive it upon the right half of the highway. LSA-R.S. 32:1, Subsection (27) classifies a bicycle as a vehicle. As there is no reference in the stipulation of fact submitted that the petitioner saw the defendant’s vehicle prior to the time of impact or had time to see it or to do anything about it after it started moving, the only basis upon which we could find the petitioner con-tributorily negligent would be the violation of the City Ordinance and the state law which is ' set forth above.
The Lower Court held the petitioner con-tributorily negligent on the basis of the ordinance and state law above mentioned, as well as on the holding of this Court in Attaway v. Lanusse et al., La.App., 62 So.2d 156.
In the Attaway case we had an entirely different situation of facts before us. In that case it is true that the bicycle rider was on the wrong side of the street. The action further indicated that he was not keeping a proper lookout and that he made a left hand turn contrary to law. In that case, we held that the negligence of the petitioner in riding his bicycle on the wrong side of the street and in not keeping a proper lookout and in making a left hand turn contrary to the law were contributing .causes if not the proximate cause of the accident. In that case the petitioner turned di-; rectly into the path of the oncoming truck.
Such is not the case with which we are presently concerned. According to the evidence before us, the only basis upon which we can hold petitioner guilty of contributory negligence is the fact that he was riding on the left side of the highway contrary to law. The stipulation declares that he was riding in the east parking lane in a southerly direction. If the bicycle had been traveling north in the traffic lane instead of south in the parking lane, the accident would still have occurred but no question of alleged law violation could have been raised. Therefore, it is apparent that the alleged violation of the ordinance if it caused anything, caused the plaintiff to be struck from the front rather than from the rear. The plaintiff did not suddenly and unexpectedly place himself and his bicycle in the path of Mr. Wilson’s automobile. If Mr. Wilson had observed in the direction in which he was traveling he would have had the plaintiff in his plain view for a considerable period of time pri- or to the accident, and even if the plaintiff’s position of his bicycle was a technical violation of the law the defendant would have had the last clear chance to avoid the accident. We do not believe that the negligence of petitioner in violating the traffic laws can be considered a cause in fact of the collision. The plaintiff’s negligence, if any, was a remote rather than a proximate cause of the accident. We believe that the Lower Court erred in not holding that the sole and only proximate cause of the accident was the negligence of defendant Wilson in attempting to pull out from his parked position without looking ahead, and the judgment of the Lower Court will be reversed.
As to the question of quantum, we do not feel that there is enough evidence in the record for us to attempt a decision thereon. As stated before there is in the record a letter from Dr. Pepe stating the nature of the injuries received by the petitioner. There is nothing whatsoever to show whether these injuries were mild or serious. The case will therefore be remanded *425 to the Lower Court for evidence and a decision as to quantum.
For the reasons hereinabove assigned the judgment of the Lower Court is reversed and there is judgment herein in favor of petitioner and against defendant, and this matter is remanded to Lower Court for evidence and a decision as to the amount of quantum. All costs of this proceeding to he paid by the defendants.
Judgment reversed and remanded.